**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
David S. Salhanick, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

| | |
|---|---|
| In re:<br><br>63 Spring Lafayette LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12619 (CMG) |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF A.Y. STRAUSS LLC AS COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtor and debtor-in-possession (the "***Debtor***") herein submit this application (the "***Application***") for entry of an order, in substantially the form annexed hereto, authorizing the employment and retention of A.Y. Strauss LLC (the "***Firm***") as counsel for the Debtor in this chapter 11 case, *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtor relies on the *Declaration of Eric H. Horn*, a partner of the Firm (the "***Horn Declaration***") admitted to practice in this Court, a copy of which is attached hereto as Exhibit A and incorporated herein by reference. In further support of this Application, the Debtor respectfully states:

**JURISDICTION**

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 327(a), 328, and 1107 of title 11 of the United State Code (the "***Bankruptcy Code***"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "***Local Rules***").

**BACKGROUND**

3. On March 10, 2026 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cass***") in the United States Bankruptcy Court for the District of New Jersey (the "***Court***").

4. No committee of unsecured creditors has been appointed in this Chapter 11 Case.

**RELIEF REQUESTED**

5. By this Application, the Debtor seeks entry of an order pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1 authorizing the employment and retention of the Firm as counsel in this Chapter 11 Case to perform, among others, the following tasks:

(a) providing the Debtor with advice and preparing all necessary documents regarding debt restructuring, bankruptcy and asset dispositions;

(b) taking all necessary actions to protect and preserve the Debtor's estate during the pendency of this Chapter 11 Case;

(c) preparing on behalf of the Debtor, as debtor-in-possession, all necessary motions, applications, answers, orders, reports and papers in connection with the administration of this Chapter 11 Case;
(d) counseling the Debtor with regard to its rights and obligations as a debtor-in-possession;
(e) appearing in Court to protect the interests of the Debtor; and
(f) performing all other legal services for the Debtor which may be necessary and proper in these proceedings and in furtherance of the Debtor's operations.

6. It is contemplated that the Firm will be compensated (after discounting the Firm's hourly rates) for the services described herein at a rate of $425 to $605 per hour in accordance with its customary billing practices, all pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code.[1]

7. The Debtor selected the Firm as counsel because of the Firm's experience in handling chapter 11 cases. Indeed, Eric Horn has over twenty-four (24) years' experience in chapter 11 matters. The employment of the Firm as counsel to the Debtor is appropriate and necessary to enable the Debtor to faithfully execute its duties as a debtor and debtor-in-possession, and to implement the Debtor's objectives for the Chapter 11 Case.

## PROFESSIONAL COMPENSATION

8. During the Chapter 11 Case, the Firm will file applications for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the United States Trustee.

9. As noted above, the Debtor and the Firm have agreed that the Firm will be compensated (after discounting the Firm's hourly rates) for the services described herein at an

[1] Partners typically bill at a range of $500.00 per hour to $700.00 per hour, and Associates and Counsel bill at a range of $425.00 per hour to $475.00 per hour. Paralegal and law clerk time is charged at $200.00 per hour.

hourly rate of $425 to $605 in accordance with its customary billing practices, all pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code.

10. Prior to the filing of this case, the Firm received a retainer from an entity named JTRE Holdings LLC of $35,000 in addition to the chapter 11 filing fee.

**DISINTERESTEDNESS**

11. To the best of the Debtor's knowledge, and based upon the Horn Declaration, the Firm does not represent or hold any interest adverse to the Debtor or its estate. Further, to the best of the Debtor's knowledge and based on the Horn Declaration, the Firm does not have any connection with any creditors or other parties-in-interest, or their respective attorneys or accountants, or the U.S. Trustee or any of its employees, except as set forth in the Horn Declaration.

**BASIS FOR RELIEF**

12. Section 327(a) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, *may employ one or more attorneys* . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 .S.C. § 327(a) (emphasis added).

13. The use of the Firm as counsel to satisfy the Code's disinterestedness requirement is consistent with section 327(a) of the Bankruptcy Code which authorizes debtors to "employ one or more attorneys."

14. Section 328(a) of the Bankruptcy Code provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable

> terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

15. Section 328 of the Bankruptcy Code permits compensation of professionals on flexible terms that reflect the nature of their services and market conditions. *See Comm. of Equity Sec. Holders of Fed.-Mogul Corp. v. Official Comm. of Unsecured Creditors (In re Fed. Mogul-Global Inc.)*, 348 F.3d 390, 396–403 (3d Cir. 2003) (discussing appointment of professionals under section 328 of the Bankruptcy Code, and holding "[s]ection 328(a) is properly read to say that 'reasonable terms and conditions' include, but are not limited to, retention on a retainer, on an hourly basis, or on a contingent fee basis"); *see also Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862 (5th Cir. 1997) ("Under present § 328 the professionals may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee.)"); *Riker, Danzig, Scherer, Hyland & Perretti v. Official Comm. of Unsecured Creditors (In re Smart World Techs., LLC)*, 552 F.3d 228, 232–34 (2d Cir. 2009) (holding that "section 328(a) permits a bankruptcy court to forgo a full post-hoc reasonableness inquiry if it pre-approves the 'employment of a professional person under section 327'" (citations omitted)).

16. Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

17. For the reasons stated above, the Debtor seeks to employ and retain the Firm as counsel pursuant to sections 327(a) and 328 of the Bankruptcy Code. As discussed herein, the Debtor believes that the retention of the Firm as counsel is necessary, is in the best interests of the Debtor's estate, and that the Firm neither holds nor represents interests adverse to the Debtor or its estate.

**WAIVER OF MEMORANDUM OF LAW / USE OF LOCAL FORM**

18. Because the legal points and authorities upon which this Application relies are incorporated herein and do not raise any novel issues of law, the Debtor respectfully requests that the requirement of the service and filing of a separate memorandum of law be deemed waived.

19. The Debtor also requests that the Court permit the Debtor to use this form of retention application as opposed to the one provided for in the Local Rules due to the amount of information contained herein.

**NO PRIOR REQUEST**

20. No prior request for the relief sought herein has been made to this or any other court.

*[remainder of page intentionally left blank]*

**WHEREFORE,** the Debtor respectfully requests that the Court enter an Order substantially in the form submitted herewith authorizing the Debtor to employ and retain the Firm as counsel, and grant the Debtor such other and further relief as the Court may deem proper.

DATED: April 27, 2026

**A.Y. STRAUSS LLC**

By: */s/ Eric H. Horn*
Eric H. Horn, Esq.
David S. Salhanick, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Proposed Counsel to the Debtor and Debtor-in-Possession*

HORN DECLARATION

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**A.Y. STRAUSS LLC**<br>Eric H. Horn, Esq.<br>David S. Salhanick, Esq.<br>Maria A.G. Harper, Esq.<br>290 West Mount Pleasant Avenue, Suite 3260<br>Livingston, New Jersey 07039<br>Tel. (973) 287-0966<br>Fax (973) 533-0127<br><br>*Proposed Counsel to the Debtor*<br>*and Debtor in Possession* | |
| In re:<br><br>63 Spring Lafayette LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12619 (CMG) |

**DECLARATION OF ERIC H. HORN IN SUPPORT OF APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF A.Y. STRAUSS LLC AS COUNSEL FOR THE DEBTOR**

Eric H. Horn, being duly sworn, states the following under penalty of perjury:

1. I am a member of A.Y. Strauss LLC (the "***Firm***") located at 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039. I am a member in good standing of the Bar of the States of New York and New Jersey and am admitted to practice before this Court.

2. I am in all respects competent to make this Declaration in support of the application (the "***Application***") to retain the Firm as counsel for the above-captioned debtor and debtor-in-possession (the "***Debtor***") pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

**QUALIFICATIONS AND DISINTERESTEDNESS**

3. I and other attorneys at the Firm have extensive experience and expertise in representing debtors in connection with chapter 11 cases.

4. The Firm has reviewed the Debtor's chapter 11 petition, related documents and the list of the names of individual and entities that may be parties-in-interest in this Chapter 11 Case (the "***Potential Parties-In-Interest***").

5. To the best of my knowledge, information and belief, with respect to the above-captioned case, except as set forth herein, neither I nor any member, attorney or employee of the Firm has any connection with:

- the directors and officers of the Debtor;
- the Debtor's lenders and lienholders; or
- the Debtor's 20 largest unsecured creditors.

6. The Firm has represented debtors and / or creditors owned and / operated by Jack Terzi. The following is a list of cases: JTRE 14 Vesey LLC, 14 Vesey Street Partners (Del) LLC, Park 28 Partners LLC, W 72 Street Partners LLC, 172 NB LLC, JTRE Nomad 8 W 28th LLC. The Firm has also represented David Goldasswer's entities in matters unrelated to this Chapter 11 Case. Other than as set forth in this paragraph, neither I nor any member, attorney or employee of the Firm has ever been a member, officer or employee of the Debtor or had an interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

7. The Firm is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, in that the Firm, its partners, counsel and associates, except as disclosed herein:

(a) are not creditors, equity holders or insiders of the Debtor;

(b) are not and were not, within two years before the Petition Date, directors, officers or employees of the Debtor; and

(c) do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

8. I am not related, and to the best of my knowledge, no attorney at the Firm is related to any United States Bankruptcy Judge in the District of New Jersey or the U.S. Trustee.

9. Moreover, the Firm is not disqualified from acting as the Debtor's counsel merely because it may represent creditors, equity holders and/or other parties-in-interest in matters unrelated to this Chapter 11 Case.

10. The Firm will periodically review its files during the pendency of this Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Firm will use its reasonable efforts to identify any such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014(a).

**THE FIRM'S CONNECTIONS WITH PARTIES-IN-INTEREST**
**IN MATTERS UNRELATED TO THIS CHAPTER 11 CASE**

11. The Firm and certain of its partners, counsel and associates may have represented in the past, and may likely represent in the future, parties-in-interest of the Debtor in connection with matters unrelated to the Debtor and this Chapter 11 Case. The Firm has reviewed the list of Potential Parties-In-Interest for any connection it may have to those parties and has not found any.

12. In the event any new facts or relationships subsequently are discovered during the pendency of this Chapter 11 Case, the Firm will supplement this Declaration and file the same with the Court.

**PROFESSIONAL COMPENSATION**

13. During the Chapter 11 Case, the Firm will file applications for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the United States Trustee.

14. The Debtor and the Firm have agreed that the Firm will be compensated (after discounting the Firm's hourly rates) for the services described herein at a rate of $425 to $605 per hour in accordance with its customary billing practices (after applying the discount), all pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code.

15. Prior to the commencement of this chapter 11 case, the Firm received a retainer from an entity named JTRE Holdings LLC of $35,000 in addition to the chapter 11 filing fee.
The Firm is not sharing its professional fees with any party.

DATED: April 27, 2026

*/s/ Eric H. Horn*__________________
Eric H. Horn

PROPOSED ORDER

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br><br>**A.Y. STRAUSS LLC**<br>Eric H. Horn, Esq.<br>David S. Salhanick, Esq.<br>Maria A.G. Harper, Esq.<br>290 West Mount Pleasant Avenue, Suite 3260<br>Livingston, New Jersey 07039<br>Tel. (973) 287-0966<br>Fax (973) 533-0127<br><br>*Proposed Counsel to the Debtor and Debtor in Possession* | |
| In re:<br><br>63 Spring Lafayette LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12619 (CMG) |

**ORDER GRANTING APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF A.Y. STRAUSS LLC AS COUNSEL FOR THE DEBTOR**

The relief set forth on the following pages 2 through 3 is hereby **ORDERED**.

Upon consideration of the application (the "***Application***") of the above captioned debtor and debtor-in-possession (the "***Debtor***")[1] for entry of an order authorizing the employment and retention of A.Y. Strauss LLC (the "***Firm***") as counsel to the Debtor; and upon consideration of the Declaration of Eric H. Horn in support of the retention of the Firm (the "***Horn Declaration***"); and the Court being satisfied, based on representations made in the Application that (i) the Firm has no connection with the Debtor, its creditors, any other party in interest, its current respective attorneys or professionals, the United States Trustee or any person employed in the office of the United States Trustee, and does not represent any entity having an adverse interest to the Debtor in connection with the Debtor's Chapter 11 Case, except as set forth in the Horn Declaration; (ii) the Firm is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code; (iii) neither the Firm, nor its professionals, have any connection with the Debtor, its creditors or any other party in interest; and (iv) the Firm's employment is necessary and in the best interest of the Debtor and the estate; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Application being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** to the extent provided herein.

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Application.

2. The Debtor is authorized to employ and to retain the Firm pursuant to 11 U.S.C. § 327(a) and Federal Rule of Bankruptcy Procedure 2014, effective as of the Petition Date, to perform services as described in the Application on behalf of the Debtor in the Chapter 11 Case.

3. The Firm shall seek compensation from the Bankruptcy Court upon appropriate application(s) subject to notice and a hearing in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court.

4. The requirement that any motion or other request for relief be accompanied by a memorandum of law and that the local forms be used for retention of the Firm are hereby deemed satisfied by the contents of the Application or otherwise waived.

5. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.