**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Counsel to the Debtor*
*and Debtor in Possession*

| | |
|---|---|
| In re:<br><br>63 Spring Lafayette LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12619 (CMG) |

**NOTICE OF DEBTOR'S MOTION FOR (A) AN ORDER APPROVING, AMONG OTHER THINGS, (I) BID PROCEDURES REGARDING THE DEBTOR'S SALE OF REAL PROPERTY LOCATED AT 63 SPRING STREET, NEW YORK, NEW YORK, SUBJECT TO HIGHER OR BETTER OFFERS AND BANKRUPTCY COURT APPROVAL, AND (II) THE TIME, DATE, PLACE, AND FORM OF NOTICE FOR THE AUCTION AND SALE HEARING, AND (B) AN ORDER (I) APPROVING THE SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (C) RELATED RELIEF**

**PLEASE TAKE NOTICE** that on the date hereof, the above-captioned debtor and debtor in possession (the "***Debtor***") filed the above-referenced motion (the "***Motion***") with the United States Bankruptcy Court for the District of New Jersey (the "***Court***").

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the bidding procedures portion of the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of New Jersey and shall be

filed with the Court electronically by registered users of the Court's case filing system, and by all other parties in interest, on a compact disc or flash drive (preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format) with a hard copy delivered to the chambers of the Honorable Christine Gravelle and shall be served so as to be actually received by no later than **August 4, 2026 at 4:00 p.m. (prevailing Eastern Time)** (the "***Objection Deadline***") by the following: A.Y. Strauss LLC, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039, Attn: Eric H. Horn, Esq.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the bidding procedures portion of the Motion and any objections related thereto will be held (in the event of any such objections or responses) before the Honorable Christine Gravelle of the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, N.J. 08608, on **August 11, 2026 at 2:00 p.m. (prevailing Eastern Time)**.

Dated: July 6, 2026

**A.Y. STRAUSS LLC**

By: */s/ Eric H. Horn*
Eric H. Horn, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Counsel to the Debtor*
*and Debtor in Possession*

| | |
|---|---|
| In re:<br><br>63 Spring Lafayette LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12619 (CMG) |

**DEBTOR'S MOTION FOR (A) AN ORDER APPROVING, AMONG OTHER THINGS, (I) BID PROCEDURES REGARDING THE DEBTOR'S SALE OF REAL PROPERTY LOCATED AT 63 SPRING STREET, NEW YORK, NEW YORK, SUBJECT TO HIGHER OR BETTER OFFERS AND BANKRUPTCY COURT APPROVAL, AND (II) THE TIME, DATE, PLACE, AND FORM OF NOTICE FOR THE AUCTION AND SALE HEARING, AND (B) AN ORDER (I) APPROVING THE SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (C) RELATED RELIEF**

63 Spring Lafayette LLC, the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "***Debtor***"), hereby moves this Court ("***Motion***") pursuant to sections 105(a), 363(b), (d), (f), (k) and (m), 365, 1123(a)(5), 1123(b)(4), and 1146(a) of title 11 of the United States Code ("***Bankruptcy Code***"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("***Bankruptcy Rules***"), and Rules 6004-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "***Local Rules***") seeking the entry of: (a) an order approving Bidding Procedures (defined

below) regarding the Sale (defined below) of the Debtor's real property located at 63 Spring Street, New York, New York 10012 (the "***Property***"), subject to higher or better offers, (c) an order approving the Sale, free and clear of liens, claims, and encumbrances and other interests, and (d) related relief. In support of this Motion, the Debtor respectfully states:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are sections 105(a), 363, 365, 1123, and 1146(a) of the Bankruptcy Code, Bankruptcy Rules 6004, 6006, and 9024, Local Rules 6004-1.

**RELIEF REQUESTED**

3. By this Motion, the Debtor requests the following:

(a) Entry of a bidding procedures order (the "***Bidding Procedures Order***"), in substantially the form attached hereto as **Exhibit "1"**, among other things, (i) establishing bidding procedures for the Property (the "***Bidding Procedures***"), in substantially the form attached to the proposed Bidding Procedures Order as **Exhibit "A,"** (ii) setting the time, date, and place for an auction for the Property in the event a higher or better offer(s) is received by the Bid Deadline (the "***Auction***") and the hearing thereafter to consider the sale (the "***Sale Hearing***") to the offeror having made the highest or best offer at the Auction (the **"*Successful Purchaser*"**), and (iii) fixing the notice of the Auction and the Sale Hearing (the "***Notice of Auction and Sale Hearing***") in substantially the form attached to the proposed Bidding Procedures Order as **Exhibit "B"**; and

(b) Entry of an order approving the sale of the Property (the "***Sale Order***"), in substantially the form attached to this Motion as **Exhibit "2,"** approving, among other things, at the conclusion of the Sale Hearing, the sale of the Property to the Successful

Purchaser free and clear of all liens, claims, encumbrances, and other interests except for permitted encumbrances.

## BACKGROUND

### A. General Background

4. On March 10, 2026 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "***Court***").

5. The Debtor continues to operate its business and manage its property as a debtor-in-possession in accordance with §§1107 and 1108 of the Bankruptcy Code.

6. No committee of unsecured creditors has been appointed in this case.

### The Debtor and the Property

7. The Debtor is a New York limited liability company formed in connection with its acquisition of the Property (defined below).

8. The Debtor owns, in fee simple, the real property located at 63 Spring Street, New York, New York 10012 (the "***Property***").

### The Property

9. The Property is a mixed-use five-story building located in the SoHo neighborhood in Lower Manhattan, a sought-after district with a high level of pedestrian traffic.

10. When the Property was purchased, it housed a bodega and Mexican restaurant as well as several live/work residential units. It has since undergone a renovation of approximately $5,000,000 consisting of a sizable redevelopment and a thorough property renovation, including a new facade and roof, grade A appliances throughout the building, central heating and cooling, and sprinklers.

11. The Property is currently leased to Baked by Melissa (Baked Fourteenth LLC) and The Green Room by Blank Street (Blank Street Inc.), and also contains four high-end residential units, a billboard leased to Outdoor Media Holdings, and a cell tower leased to Nextel of New York, Inc.

**Pre-Petition Secured Debt**

12. In 2014, the Debtor acquired the Property for a purchase price of $15,000,000. The acquisition was financed in part by a loan from Cathay Bank in the original principal amount of $11,500,000 (the "***Acquisition Loan***").

13. Following the acquisition, the Debtor invested approximately $5,000,000 to renovate and reposition the ground-floor retail space, transforming the retail space into a prime, Class A retail location suitable for a national or international credit tenant.

14. In 2017, the Debtor refinanced the Acquisition Loan with a new loan from Compass Bank in the original principal amount of $16,000,000 (the "***Compass Loan***"). Simultaneously, the Debtor executed a long-term retail lease with L'Occitane en Provence ("***L'Occitane***") for the prime corner retail space.

15. In 2019, the Debtor refinanced the Compass Loan with a commercial mortgage-backed securities loan in the original principal amount of $18,500,000 (the "***CMBS Loan***"), evidenced by a promissory note and mortgage each dated May 28, 2019. The CMBS Loan was originated by MUFG

Union Bank and thereafter securitized into the CD 2019-CD8 Mortgage Trust, for which Wells Fargo Bank, National Association serves as trustee. The CMBS Loan is secured by, among other things, a first-priority mortgage on the Property and an assignment of the leases and rents generated by the Property.

16. The CMBS Loan is currently in default. On or about February 16, 2022, the CMBS trustee commenced a commercial mortgage foreclosure action against the Debtor in the Supreme Court of the State of New York, County of New York (the "***Foreclosure Action***"). By Judgment of Foreclosure and Sale entered June 5, 2025, the state court determined that amounts due under the CMBS Loan as of October 1, 2024 totaled $28,125,967.56, exclusive of continuing interest, attorneys' fees, and other charges.

17. Prior to the Petition Date, the Property became subject to a receivership arising from the Foreclosure Action, administered by Jacklene M. Chesler of Colliers International, as court-appointed receiver. On June 3, 2026, this Court entered a consensual order under section 543(d) of the Bankruptcy Code [Docket No. 44] authorizing the receiver to remain in possession and control of the Property and to continue collecting the rents generated by the Property.

18. On May 18, 2026, Wells Fargo Bank, National Association, as Trustee, and CD 2019-CD8 Spring Street, LLC, acting by and through LNR Partners, LLC (collectively, the "***Lender***") filed Proof of Claim No. 5 asserting a secured claim in the amount of $30,590,239.56.

19. The Debtor is pursuing a value-maximizing sale of the Property under its proposed chapter 11 plan of liquidation (the "***Plan***"), which will be funded from the proceeds of the sale of the Property.

**Broker Retention**

20. On July 6, 2026, the Debtor filed an application seeking to retain Northgate Real Estate Group ("***Northgate***") as the Debtor's real estate broker [Docket No. 57] (the "***Northgate Retention Application***").

**Proposed Bidding Procedures**

21. The Debtor desires to receive the greatest value for the Property. Accordingly, the Bidding Procedures annexed to the proposed Bidding Procedures Order as **Exhibit "A"** were developed consistent with the Debtor's objective of promoting active bidding that will result in the highest and best offer the marketplace can sustain for the Property.

22. Moreover, the Bidding Procedures reflect the Debtor's objective of conducting the Auction in a controlled, but fair and open, fashion that promotes interest in the Property by financially-capable, motivated bidders who are likely to close a transaction, while simultaneously discouraging non-serious offers and offers from persons the Debtor does not believe are sufficiently capable or likely to actually consummate a transaction.

**B. Salient Provisions of Bidding Procedures**

| | |
|---|---|
| ***Bid Deadline*** | August 25, 2026 at 3:00 p.m. ET. |
| ***Qualifying Deposit*** | Ten percent (10%), due on or before Bid Deadline. |
| ***Auction*** | The Auction will be held at the offices of Northgate Real Estate Group at 1633 Broadway, 46th Floor, New York, New York 10019 on August 27, 2026 at 11:00 a.m. (EST). |
| ***Additional Deposit*** | Within three (3) business days after the Auction increase the Deposit as necessary to |

| | |
|---|---|
| | an amount equal to twenty percent (20%) of its final bid at the Auction. |
| ***Northgate's Fee*** | 3%. |
| ***Buyer's Premium*** | 3% (covers Northgate's fee) |
| ***Additional Terms*** | - Only authorized representatives and respective counsel of each of the Qualified Bidders, and the Debtor shall be permitted to attend and participate at the Auction;<br><br>- Only the Qualified Bidders shall be entitled to make any subsequent bids at the Auction;<br><br>- At the Auction, Wells Fargo Bank, National Association, as Trustee, and CD 2019-CD8 Spring Street, LLC, acting by and through LNR Partners, LLC (collectively, the "Lender") shall be deemed a Qualified Bidder and shall have the right to credit bid the allowed amount of their respective claims at Auction pursuant to section 363(k) of the Bankruptcy Code without being required to pay the Deposit;<br><br>- Each Qualified Bidder shall be required to confirm under oath that it has not engaged in any collusion with respect to the bidding or the Auction;<br><br>- Bidding shall commence at the amount of the highest and best Qualified Bid(s) submitted by the Qualified Bidders by the Bid Deadline;<br><br>- The Qualified Bidders shall participate in person at the Auction, unless otherwise |

directed or authorized pursuant to these Bid Procedures, through a duly authorized representative with authority to bind the entity;

- The Auction will be conducted so that each Qualified Bidder will be informed of the previous bid(s);

- Qualified Bidders may submit successive bids in increments set by the auctioneer;

- The Debtor reserves the right to require any round of the Auction to be conducted by sealed bid(s);

- The Auction shall continue until there is only one offer that the Debtor determines, subject to Bankruptcy Court approval, is the highest and best offer(s) submitted at the Auction from among the Qualified Bidders (the "***Successful Bid***"). The bidder(s) which submitted such Successful Bid shall become the "***Successful Bidder(s)***";

- At the end of the Auction, the Debtor shall also announce and name the Successful Bidder, as well as, if applicable, the next highest and otherwise best offer after the Successful Bid (the "***Backup Bid(s)***" and the Qualified Bidders that submitted such bids, the "***Backup Bidder(s)***");

- Deposits submitted by the Qualified Bidders who do not become the Successful Bidder shall be returned by the Debtor within five (5) business days after the Sale is

consummated with the Successful Bidder;

- All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction and these Bid Procedures;

- Once the Successful Bidder and, if applicable, the Backup Bidder are identified, the Debtor may submit the Successful Bid and the Backup Bid for approval by the Bankruptcy Court;

- The Auction shall be transcribed by a court reporter and all Qualified Bidders will be required to sign in and identify their attendance with the court reporter.

- Credit Bid successful bidder is 2.5% fee.

## EXTRAORDINARY PROVISIONS OF THE PROPOSED SALE

23. The Debtor is required to highlight any "extraordinary provisions." The extraordinary provisions are as follows:

(a) **"Sale Free and Clear."** The Purchased Assets shall be transferred free and clear of all encumbrances to the fullest extent permitted by Bankruptcy Code section 363.

(b) **"Tax Exemption."** The Debtor reserves the right to sell the Property pursuant to a plan of reorganization / liquidation and seek to have the sale declared exempt from transfer taxes under section 1146(a) of the Bankruptcy Code.

(c) **"Requested Findings as to Fraudulent Conveyance."** The Debtor is seeking a finding to the effect that the sale of the Property does not constitute a fraudulent conveyance and that the purchaser shall have no liability for any statutory or common law fraudulent conveyance or fraudulent transfer claims.

(d) **"Successor Liability."** Under the Sale Order, the purchaser shall not be liable for any Claims against any of the Debtor or any of their respective predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind of character, including, but not limited to, under any theory of antitrust, environmental, successor or transferee liability, labor law, successor or successor employer liability, de facto merger or joint venture, mere continuation or substantial continuity, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, intercompany loans and receivables between any of the Debtor and any non-debtor subsidiary, liabilities relating to or arising from any environmental laws, and any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of the Property prior to Closing.

(e) **"Relief from Bankruptcy Rule 6004(h)."** The Debtor requests that any Sale Order provide for a waiver of the automatic 14-day stay imposed by Bankruptcy Rule 6004(h).

## THE BIDDING PROCEDURES ORDER SHOULD BE ENTERED

### A. Bidding Procedures Should be Approved

24. The Bidding Procedures will ensure that the Debtor's estate receives the greatest benefit available from the Sale of the Property taking into account the Debtor's financial condition. Further, the Bidding Procedures are fair and open, and do not unfairly favor the Purchaser or any other potential purchaser.

25. The Debtor submits that the Bidding Procedures are reasonably designed to ensure that the Debtor's estate receives the maximum purchase price for the Property, and therefore warrant Court approval.

### B. The Time, Place, and Notice Proposed for the Auction are Reasonable and Should be Approved

26. Bankruptcy Rule 6004 prescribes the notice that must be given of a proposed sale of property pursuant to section 363(b) of the Bankruptcy Code. Pursuant to Bankruptcy Rule 6004(a), notice

must be given of a proposed use, sale, or lease of property, not in the ordinary course of business, which satisfies the requirements of Bankruptcy Rule 2002(a)(2) and (c)(1), among others.

27. Bankruptcy Rule 2002(a) requires that “the clerk, or some other person as the court may direct,” give “the debtor, the trustee, all creditors and indenture trustees at least 21 days’ notice by mail of: … (2) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business….” Fed. R. Bankr. P. 2002(a). Bankruptcy Rule 2002(c) requires that this notice include “the time and place of any public sale, the terms and conditions of any private sale and the time fixed for filing objections.” Fed. R. Bankr. P. 2002(c).

28. Bankruptcy Rule 6004(c) requires that a motion pursuant to section 363(f) of the Bankruptcy Code for authority to sell property free and clear of liens or other interests “shall be served on the parties who have liens or other interests in the property to be sold.” Fed. R. Bankr. P. 6004(c).

29. As also stated above, the Debtor proposes that the Auction be held approximate 60 days following the date of the entry and service of the Bidding Procedures Order.

30. The Notice of Auction and Sale Hearing sets forth all the information a potential bidder and any other party in interest should require about the bidding process for the Property, including: notice of the Bidding Procedures and information on how to obtain a copy of the Bidding Procedures; the Bid Deadline; the time, date, and location of the Auction; and the time, date, and location of the Sale Hearing.

31. The Debtor submits that these notice procedures satisfy the requirements of Bankruptcy Rule 6004 and request that the Court approve the same.

**THE SALE ORDER SHOULD BE ENTERED**

**A. The Sale of the Property is an Exercise of the Debtor's Sound Business Judgment**

32. Bankruptcy Code section 363(b) governs transactions outside the ordinary course of business involving property of the debtor's estate. Specifically, that section provides, in relevant part, that, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate…." 11 U.S.C. § 363(b).

33. The Debtor's sale or use of property of the estate outside the ordinary course of business should be approved by the Court if the Debtor can demonstrate a sound business justification for the proposed transaction. See *In re Chrysler LLC*, 576 F.3d 108, 117-18 (2d Cir. 2009), citing *In re Iridium Operating LLC*, 478 F.3d 452, 466 (2d Cir. 2007) ("In this Circuit, the sale of an asset of the estate under § 363(b) is permissible if the 'judge determining [the] § 363(b) application expressly find[s] from the evidence presented before [him or her] at the hearing [that there is] a good business reason to grant such an application.'") (citing *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 772 F.2d 1063, 1071 (2d Cir. 1983)); *In re Gen. Motors Corp.*, 407 B.R. 463, 491 (Bankr. S.D.N.Y. 2009).

34. In addition, Bankruptcy Code section 105(a) grants the Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). This provision is "the basis for a broad exercise of power [by the Court] in the administration of a bankruptcy case." *In re Flores*, 291 B.R. 44, 54 (Bankr. S.D.N.Y. 2003).

35. The Debtor submits that following the Auction, the highest bidder will reflect that the ultimate purchase price is fair and reasonable and reflects the market value for such Property.

36. As such, the Debtor submits that the Sale of the Property offers the greatest benefit to the Debtor's estate, and is an exercise of the Debtor's sound business judgment.

**B. The Property Should be Sold Free and Clear of Liens, Claims, Encumbrances, and Interests Other than Permitted Encumbrances**

37. Pursuant to section 363(f) of the Bankruptcy Code, a trustee or debtor-in-possession may sell property under Bankruptcy Code section 363(b) free and clear of liens, claims and encumbrances if one of the following conditions is satisfied: (a) applicable nonbankruptcy law permits the sale of the property free and clear of such interest; (b) the entity holding the lien, claim, or encumbrance consents to the sale; (c) the interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest. 11 U.S.C. § 363(f). See *In re Smart World Tech., LLC*, 423 F.3d 166, 169 n. 3 (2d Cir. 2005) (Section 363 permits sales of assets free and clear of claims and interests. It thus allows purchasers … to acquire assets [from a debtor] without any accompanying liabilities."); *In re Dundee Equity Corp.*, No. 89-B-10233, 1992 WL 53743, at *3 (Bankr. S.D.N.Y. Mar. 6, 1992) ("Section 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met").

38. The Debtor requests that the Court authorize the sale of the Property free and clear of all liens, claims, encumbrances, and other interests, including possessory leasehold interests (collectively, "***Liens***").

39. Additionally, under the Sale Order, the Purchaser shall not be liable for any claims against any of the Debtor or any of their respective predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind of character, including, but not limited to, under any theory of antitrust, environmental, successor or transferee liability, labor law, successor or successor employer liability, de facto merger or joint venture, mere continuation or substantial continuity, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, whether

asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, intercompany loans, and receivables between any of the Debtor and any non-debtor subsidiary, liabilities relating to or arising from any environmental laws, and any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Property prior to Closing.

40. The sale of the Property pursuant to the Bidding Procedures will satisfy section 363(f) because, as described below, any entities holding Liens on the Property will have received notice of this Motion and the Notice of Auction and Sale Hearing.

41. Section 363(f)(2) is satisfied as to those parties that consent or do not object to the Proposed Sale. All parties in interest will be given sufficient opportunity to object to the relief requested by the Debtors, and any such entity that does not object to the Sale should be deemed to have consented. See *Futuresource LLC v. Reuters Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002) ("It is true that the Bankruptcy Code limits the conditions under which an interest can be extinguished by a bankruptcy sale, but one of those conditions is the consent of the interest holder, and lack of objection (provided of course there is notice) counts as consent. It could not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a formal consent before they could be sold.") (internal citations omitted); *Hargrave v. Township of Pemberton (In re Tabone, Inc.)*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens, claims, and encumbrances satisfies section 363(f)(2)); *Citicorp Homeowners Serv., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (same). Courts in this district have applied the same principle. See also *In re GSC, Inc.*, 453 B.R. 132, 183 (Bankr. S.D.N.Y. 2011) (order deeming all parties who did not object to proposed sale to have consented under section 363(f)(2); *In re Borders Grp., Inc.*, 453 B.R. 459, 484 (Bankr. S.D.N.Y. 2011) (failure to object to free and clear sale satisfies section 363(f)(2)); *In re Enron Corp.*, 2004 WL

5361245, at *2 (Bankr. S.D.N.Y. Feb. 5, 2004); *In re Enron Corp.*, 2003 WL 21755006, at *2 (AJG) (Bankr. S.D.N.Y. July 28, 2003) (order deeming all parties who did not object to proposed sale to have consented under section 363(f)(2)).

42. Section 363(f)(3) will likely be satisfied, as the Debtor anticipates that the Property will sell at auction for a higher amount that the amount of any liens that may currently in place against the Property.

43. Section 363(f)(5) is satisfied. Further, the Debtor submits that section 363(f)(5) is satisfied, as (a) any entity holding a Lien on the Property, not included in the Permitted Encumbrances, could be compelled to accept a monetary satisfaction of its Lien, and (b) the Debtor proposes that any Lien on the Property sold pursuant to the Bidding Procedures, which is not a Permitted Encumbrance, shall attach to the net proceeds of the sale of the Property, subject to any claims and defenses the Debtor may possess with respect thereto, in the priority they had before the Sale (except as otherwise set forth herein). Additionally, as this Court has recognized, section 363(f)(5) does not require that such lien holders receive full payment of their underlying debt. See e.g., *In re Boston Generating, LLC*, 440 B.R. 330, 332 (Bankr. S.D.N.Y. 2010). As such, the sale of the Property free and clear of all Liens (other than Permitted Encumbrances) satisfies section 363(f)(5) of the Bankruptcy Code.

## C. The Purchaser Should be Afforded All Protections Under Section 363(m) as a Good Faith Purchaser

44. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from the debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal. Specifically, section 363(m) states that:

> The reversal or modification on appeal of an authorization under [section 363(b)] … does not affect the validity of a sale … to an entity that purchased … such property in good faith,

> whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale … were stayed pending appeal.

11 U.S.C. § 363(m). See *Allstate Ins. Co. v. Hughes*, 174 B.R. 884, 888 (S.D.N.Y. 1994) ("Section 363(m) … provides that good faith transfers of property will not be affected by the reversal or modification on appeal of an unstayed order, whether or not the transferee knew of the pendency of the appeal[.]"); *In re Stein & Day, Inc.,* 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("[P]ursuant to 11 U.S.C. § 363(m), good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal[.]").

45. The Second Circuit has indicated that a party would have to show fraud or collusion between a buyer and the debtor-in-possession or trustee to demonstrate a lack of good faith. See *Kabro Assocs. of West Islip, LLC, v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276, (2d Cir. 1997) ("Typically, the misconduct that would destroy a [purchaser's] good faith status at a judicial sale involves fraud, collusion between the [buyer] and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders[.]"); see also *In re Angelika Films 57th, Inc.*, Nos. 97 Civ. 2239 (MBM), 97 Civ. 2241 (MBM), 1997 WL 283412, at *7 (S.D.N.Y. May 29, 1997); *In re Bakalis*, 220 B.R. 525, 537 (Bankr. E.D.N.Y. 1998).

46. Here, because of the open auction process, the Debtor submits that the ultimate purchaser will have have satisfied the requirements of Section 363(m). The Debtor submits that the sale process will have been run via a transparent auction process and thus the purchaser would be considered a "good-faith" purchaser within the meaning of section 363(m) of the Bankruptcy Code and should be entitled to its protection. Accordingly, the Debtor requests that the Court make a finding that the successful purchaser is entitled to the protections of section 363(m) of the Bankruptcy Code.

### D. Assignment of Contracts and Leases

47. Bankruptcy Code §365 states in relevant part that "... the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. §365(a). The ability to assume or reject an unexpired contract or lease allows a debtor to examine its unexpired contracts and leases and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject. *See*, *e.g.*, *Orion Pictures Corporation v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d. Cir. 1993). This decision involves a debtor's business judgment," which, in essence, determines whether "[assuming] the contract would be a good business decision or a bad one." *Id*. at 1099.

48. The Debtor requests that in conjunction with the Sale, it be permitted to assign to the successful purchaser(s) any existing executory contracts and unexpired leases relating to the Property.

49. Accordingly, the Debtor, in its business judgment, seeks authority to assume and assign any and all executory contracts and unexpired leases relating to the Property to the successful purchaser at the Auction.

## **NO PRIOR REQUEST**

50. No prior request for the relief sought herein has been made to this Court or any other court.

## **NOTICE**

51. Notice of this Motion will be given to: (i) the Office of the United States Trustee for the District of New Jersey; (ii) counsel to the Debtor's secured creditors; (iii) all creditors in this case; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney

of the District of New Jersey; (vii) any parties known or reasonably believed to have expressed interest in the Property within the last six months; (viii) all entities known or reasonably believed to have asserted a lien, encumbrance, claim, or other interest in the Property; (ix) all other parties that have filed a notice of appearance and demand for service of papers in this bankruptcy case under Bankruptcy Rule 2002; (x) and all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtor submits that no other or further notice is required.

***[remainder of page intentionally left blank]***

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests that this Court enter orders, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated: July 6, 2026

**A.Y. STRAUSS LLC**

By: */s/ Eric H. Horn*

Eric H. Horn, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Counsel to the Debtor*
*and Debtor in Possession*

Exhibit 1

[Bidding Procedures Order]

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Counsel to the Debtor*
*and Debtor in Possession*

| | |
|---|---|
| In re:<br><br>63 Spring Lafayette LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12619 (CMG) |

**ORDER APPROVING, AMONG OTHER THINGS, (I) BID PROCEDURES REGARDING THE DEBTOR'S SALE OF REAL PROPERTY LOCATED AT 63 SPRING STREET, NEW YORK, NEW YORK, SUBJECT TO HIGHER OR BETTER OFFERS AND BANKRUPTCY COURT APPROVAL, AND (II) THE TIME, DATE, PLACE, AND FORM OF NOTICE FOR THE AUCTION AND SALE HEARING**

The relief set forth on the following pages 2 through 5 is hereby **ORDERED**.

Upon that portion (the "***Procedures Motion***") of the motion (the "***Motion***") of the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "***Debtor***"), for entry of an order (the "***Order***") pursuant to sections 105 and 363 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 2002(a)(2), 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 2002-1, 6004-1, 6005-1, 9006-1(b), (i) approving the proposed bidding procedures (the "***Bidding Procedures***") to be used in connection with the proposed sale (the "***Sale***") of the real property located at 63 Spring Street, New York, New York 10012 (the "***Property***") to the bidder (the "***Successful Bidder***") that submits or collectively submit the highest and / or best offer for the Property, and (ii) scheduling an auction (the "***Auction***") for the Property and a hearing (the "***Sale Hearing***") to consider approval of the Sale; and this Court having reviewed the Procedures Motion; and this Court having held a hearing on the Procedures Motion on ______ ___, 2026 (the "***Procedures Hearing***"); and, based on the Procedures Motion and the record of the Procedures Hearing, it now appearing that the relief requested in the Procedures Motion is in the best interest of the Debtor's estate and all parties in interest; and after due deliberation thereon and good cause appearing therefore and no further notice being required, it is hereby

**FOUND AND DECREED THAT:**

A. This Court has jurisdiction over the Procedures Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these cases and the Procedures Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The Statutory predicates for the relief sought in the Procedures Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6005, and 6006.

C. Good and sufficient notice of the relief sought in the Procedures Motion has been given and no further notice is required..

D. The proposed notice of the Sale and the Bidding Procedures, as set forth in the Procedures Motion, is good, appropriate, sufficient and is reasonably calculated to provide all interested parties with timely and proper notice of the Sale and the Bidding Procedures, and no other or further notice of the Sale of the Assets, the assumption and assignment of the Assigned Contracts (as defined herein), or the Bidding Procedures, as set forth herein and in the Procedures Motion, is required.

F. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Procedures Motion, including this Court's approval of the Bidding Procedures, attached hereto as **Exhibit A**.

G. The Debtor has articulated good and sufficient reasons for, and the best interests of the Debtor's estate will be served by, this Court scheduling a subsequent hearing to consider

---

whether to grant the remainder of the relief requested in the Motion, including approval of the proposed Sale free and clear of, among other things, all liens, claims, encumbrances, and interests (collectively, "***Liens, Claims and/or Interests***") (with the same to attach to the proceeds therefrom) pursuant to section 363 of the Bankruptcy Code.

H. The entry of this Order is in the best interests of the Debtor, its estates and creditors and other parties-in-interest.

I. The Debtor has exercised sound business judgment and presented sound business reasons for approval of the Bidding Procedures. The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Property.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

**General Provisions**

1. The Procedures Motion is hereby granted to the extent provided in this Order.

2. Any and all objections, if any, to entry of this Order or to the relief provided herein and requested in the Procedures Motion that have not been withdrawn, waived, resolved, or settled, and all reservations of rights included therein, are hereby denied and overruled in their entirety.

**Approval of the Bidding Procedures**

3. The Bidding Procedures, as set forth on **Exhibit A** and incorporated herein by reference as if fully set forth herein, are hereby approved in all respects and shall govern all bids and bid proceedings relating to the Assets.

4. The deadline for submitting bids for the Property (the "***Bid Deadline***") shall be **August 25, 2026 at 3:00 p.m. ET**.

5. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

**The Auction**

6. The Auction will be held at the offices of Northgate Real Estate Group at 1633 Broadway, 46th Floor, New York, New York 10019 on **August 27, 2026 at 11:00 a.m. (EST).**

**Sale Hearing**

7. The Sale Hearing shall be held, at a time and date to be determined, before the Honorable Christine Gravelle, United States Bankruptcy Judge of the Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, at which time this Court shall (i) consider approval of the Sale to the Successful Bidder; (ii) consider the entry of the proposed sale order, substantially in the form attached to the Motion as **Exhibit 2** (the "***Sale Order***"); (iii) consider any issues or objections that are timely interposed by any parties; and (iv) grant such other or further relief as this Court may deem just or proper.

**Notice**

8. Within five (5) business days after the entry of this Order, the Debtor shall cause a copy of the Bidding Procedures and this Order to be served by first- class mail upon: (i) the Office of the United States Trustee for the District of New Jersey; (ii) all secured creditors or counsel if known; (iii) all other entities (or counsel therefor) known to have asserted any liens, claims or encumbrances in or upon the Property; (iv) all equity holders; (v) all federal, state and local regulatory or taxing authorities or recording offices that are reasonably known by the Debtor to have an interest in the relief requested by the Motion; (vi) all parties known by the Debtor to have expressed a bona fide interest in acquiring the Property; (vii) the Internal Revenue Service; (viii) the United States Attorney's office; and (ix) all entities who have filed a notice of appearance and request for service of papers in the Debtor's case and all creditors in the case.

9. The notice set forth in the preceding paragraph shall constitute good and sufficient notice of the Motion, the Auction, the Sale Hearing and the proposed Sale Order, and no other or further notice of the Motion, the Auction, the Sale Hearing, and/or the proposed Sale Order shall be necessary or required.

**Objections to the Sale**

10. Objections, if any, to the sale of the Property, or the relief requested in the Motion, other than with respect to the relief granted herein, shall: (a) be in writing; (b) comply with the Bankruptcy Rules; (c) be filed with this Court and served so as to be received seven days prior to the hearing on the sale (the "***Objection Deadline***"), by (a) A.Y. Strauss LLC, attorneys for the Debtor, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039, Attn: Eric H. Horn, Esq. Only timely filed and served responses, objections, and other pleadings will be considered by this Court at the Sale Hearing.

**Additional Provisions**

11. The failure of any person or entity to timely file their objection to the Motion

shall forever bar any objection to the Motion or the relief requested therein, or to the consummation of the Sale.

12. The Debtor is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

13. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14. Nothing in this Order derogates from or diminishes the fiduciary duties of the Debtor to act in the best interests of the estate.

15. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Exhibit A to Bidding Procedures Order

[Bidding Procedures]

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Counsel to the Debtor*
*and Debtor in Possession*

| | |
|---|---|
| In re:<br><br>63 Spring Lafayette LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-12619 (CMG) |

**BID PROCEDURES**[1]

The following bid procedures and terms of sale (the "***Bid Procedures***") shall govern the auction and sale process for the above captioned debtor (the "***Debtor***") interests in the following asset:

- Debtor's real property located at 63 Spring Street, New York, New York 10012 (the "***Property***").

The sale is being made pursuant to an Order of the Bankruptcy Court dated ________, 2026 (the "***Bid Procedures Order***") in connection with the Chapter 11 bankruptcy case (the "***Chapter 11 Case***") of 63 Spring Lafayette LLC (the "***Debtor***") pending before the United States Bankruptcy Court for the District of New Jersey (the "***Bankruptcy Court***"), case number 26-12619 (CMG). The sale of the Property is being conducted pursuant to, *inter alia*, Bankruptcy Code Sections 363(b), (d), (f), (k) and (m), 365, 1123(a)(5), 1123(b)(4), and 1146(a) and in accordance with the terms of the Bid Procedures Order and the Plan. The seller shall be the Debtor.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bid Procedures Motion [Docket No. ____].

## I. Qualified Bidder Status

Any potential individual, partnership or entity that wishes to tender an offer or bid to purchase the Property must demonstrate to the satisfaction of the Debtor, that such potential bidder is a "***Qualified Bidder***." A Qualified Bidder is a potential bidder who no later than **August 25, 2026 at 3:00 p.m.** (the "***Bid Deadline***") delivers so as to be actually received (including by email) by: (a) the Debtor's retained real estate broker, Northgate Real Estate Group (the "***Broker***"), Attn: Felix Ades, email: Felix@northgatereg.com, (b) Counsel to the Debtor, A.Y. Strauss LLC, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039, Attn: Eric H. Horn, Esq., email: ehorn@aystrauss.com, the following:

a. A written and signed irrevocable and binding offer (the "***Qualifying Statement***") that:

(i) fully discloses the identity of each person or entity that is bidding for the Property (the "***Bidder***"). The Bidder must fully disclose all persons or entities that may be participating with the Bidder including the identity of any partner, member, equity holder or financial backer of the Bidder, and the terms of any such participation;

(ii) includes the Bidder's address, e-mail address and telephone number where the Bidder may be contacted along with its counsel's information;

(iii) sets forth the assets and related agreements to be purchased by Bidder and the purchase price to be paid, which purchase price shall satisfy the requirements for an Opening Bid as set forth in Section II below;

(iv) states that the Bidder is financially able and interested in acquiring the Property for the cash price of its offer without any contingencies as to financing and/or additional due diligence of any kind whatsoever, except as provided herein;

(v) contains a signed acknowledgment that any bid by the Bidder shall not be contingent upon such Bidder obtaining financing;

(vi) contains a signed acknowledgment that (a) the Bidder will be bound by its bid and the representation and statements made in the Qualifying Statement until seven (7) days after the Closing Date (defined herein) or until such bid is rejected in writing by the Debtor, and (b) if deemed the Backup Bidder prior to such termination, the Bidder is obligated to perform the obligations of the Successful Bidder (as defined herein) if called upon by the Debtor as a back-up bid;

(vii) is accompanied by financial information which fairly and reasonably demonstrates the source of the Bidder's ability to close on the purchase of the Property;

(viii) is accompanied by a good faith deposit in the amount of ten percent (10%) of its bid in immediately available funds (the "***Deposit***"), which Deposit shall be made by wire transfer to an attorney escrow account designated by the Debtor pursuant to wire instructions to be provided, it being understood that (a) the Deposit shall be forfeited by the bidder to the Debtor in the event that the bidder

is the Successful Bidder and fails to close in accordance with the Bid Procedures;

(ix) acknowledges the obligation to pay the Broker at Closing three percent (3%) of the purchase price depending on the amount of the sale (the "***Buyer's Premium***") (In the event of that lender's credit bid is the highest and best bid, the broker fee will be 2.5%).

Any transfer taxes incurred in connection with the Sale and not otherwise exempted by Bankruptcy Court order shall be borne solely by the Successful Bidder.

**Notwithstanding the Bid Deadline, Qualified Bids may (but not necessarily will) also be considered at the Auction.**

b. An executed original of these Bid Procedures in which the Bidder agrees and acknowledges that it will be irrevocably bound by each of the terms herein including the following:

(i) The Bidder expressly acknowledges that it has relied solely on its own independent due diligence, investigation, analysis and valuations of the Property and that it did not rely upon any oral or written statements, representations, warranties, promises or guarantees whatsoever, whether expressed or implied with respect to the Property.

(ii) The Debtor, its professionals, agents and representatives and the Broker and its agents and representatives, have not made, and do not make (and no Contract defined below, will contain), any representations as to the physical condition, rents, leases, expenses, zoning, development, operations, value, or any other matter or thing affecting or related to the Property.

(iii) The Bidder expressly acknowledges that any and all of its incurred expenses concerning any due diligence, such as obtaining title reports or environmental inspections, shall be the sole responsibility of the Bidder, and under no circumstances shall the Debtor, its estate, the Broker, or their professionals be responsible to pay such expenses.

(iv) The Bidder expressly acknowledges that **Time Is Of The Essence** with respect to the Bidder's obligation to pay the Deposit (defined herein) and the balance of the purchase price) on the Closing Date (defined herein), and that any failure by the Bidder to pay the balance of the purchase price on the Closing Date will result in the Debtor retaining the Deposit as liquidated damages as an asset of the Debtor's estate, and the termination of the Bidder's right to acquire the Property.

(v) The Bidder expressly acknowledges that **Time Is Of The Essence** as to the Bidder to perform all of the obligations required on its part in accordance with the Bid Procedures.

(vi) The Bidder expressly acknowledges that the Debtor, may elect to prepare a form contract of sale (the "***Contract***") for the Property, with an accompanying proposed

Sale Confirmation Order (as defined herein). The template form of Contract, if elected to be prepared by the Debtor, will be provided to each Bidder and filed with the Bankruptcy Court no later than seven (7) days before the Bid Deadline, and each Bidder acknowledges that it is encouraged to utilize this template in its submissions of both a redlined and clean copy of their Contract, and that material deviations from the Contract will be a factor in the Debtor's determination of what is the Opening Bid (as defined in Section II below) and the Successful Bid (as defined in Section III(j) below).

(vii) The Bidder expressly acknowledges that no offer or bid for the Property shall be deemed accepted by, or binding upon, the Debtor's estate unless and until such offer or bid is accepted in writing by the Debtor and approved by Order of the Bankruptcy Court.

(viii) In the event that the Bidder is selected as the highest and best bid at the Auction, such Bidder expressly acknowledges that it must close on the purchase of the Property on or before **___________, 2026** (the "***Closing Date***"); *provided however*, that the Closing Date may be extended, in the discretion of the Debtor upon consultation with the Debtor's Lender, up to an additional 30 days if the Successful Bidder pays the per diem carrying costs. The Auction shall be subject to entry of an Order of the Court confirming the sale of the Property to the Successful Bidder (hereinafter defined) (the "***Sale Confirmation Order***"). The closing shall take place at the office of the Debtor's counsel.

(ix) The Successful Bidder shall be obligated to close on the purchase of the Property and there is no contingency of any kind or nature that will permit the Successful Bidder to avoid its obligations under these Bid Procedures. Anything to the contrary contained in these Bid Procedures notwithstanding, the Debtor shall have the right to adjourn the Closing Date in order to remedy any defect to title that is not resolved by the order approving the Sale.

(x) The Bidder expressly acknowledges and agrees that in the event that the Successful Bidder fails to timely tender the Additional Deposit (as defined herein) or otherwise perform its obligations under these Bid Procedures or its Contract with respect to the Successful Bid, the Debtor may contact the Backup Bidder (hereinafter defined) and sell the Property to the Backup Bidder upon further approval of the Bankruptcy Court, without giving credit for the Deposit or Additional Deposit, which shall be forfeited by the Successful Bidder. Thereafter, the Backup Bidder shall be deemed the Successful Bidder, including all benefits and obligations associated therewith in accordance with these Bid Procedures and shall be obligated to comply with the terms, conditions, and obligations set forth herein and the related documents and order of the Bankruptcy Court.

(xi) As a condition to closing, the Successful Bidder (or the Backup Bidder should it become the Successful Bidder) must pay, in addition to the Successful Bid amount,

(i) the Buyer's Premium, as applicable, which shall be paid directly to Broker on the Closing Date; and (ii) any transfer taxes.

The Bidder expressly acknowledges that the Property is being sold **"AS IS", "WHERE IS" IN ITS CURRENT CONDITION, WITHOUT ANY REPRESENTATIONS, COVENANTS, GUARANTEES OR WARRANTIES OF ANY KIND OR NATURE WHATSOEVER**, and free and clear of any liens, claims or encumbrances of whatever kind or nature, with such liens, if any, to attach to the proceeds of sale, and is subject to among other things (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; and (d) any building or zoning ordinances or any other applicable municipal regulations and violations thereof; and (e) environmental conditions.

(xii) The Bidder expressly acknowledges and agrees to otherwise be bound by all the terms of the Bid Procedures.

## II. Credit Bid

Credit Bid Permitted. Wells Fargo Bank, National Association, as Trustee, and CD 2019-CD8 Spring Street, LLC, acting by and through LNR Partners, LLC (collectively, the "***Lender***") shall automatically be deemed a Qualified Bidder and shall have the right to credit bid the allowed amount of their respective claims at Auction pursuant to section 363(k) of the Bankruptcy Code without being required to pay the Deposit.

## III. The Auction

In the event that the Debtor receives by the Bid Deadline one or more bids that they deem in its discretion to constitute Qualified Bids, the Debtor, with the assistance of the Broker, shall conduct a public auction (the "***Auction***") with respect to the Property on **August 27, 2026 at 11:00 a.m. (EST)** (the "***Auction Date***"). The Auction shall take place in person at the offices of Northgate, 1633 Broadway 46th floor, New York, NY 10019. The Debtor reserves the right to conduct the Auction by a virtual or video conference remote process. The Debtor shall notify all Qualified Bidders and other invitees via e-mail or facsimile not later than one (1) business day before the Auction Date if they determine to conduct the Auction by video or conference call. The Auction may be adjourned in the Debtor's discretion. If, however, no Qualified Bid, other than the Lender is received by the Bid Deadline, then the Auction will not be held.

The Auction shall be governed by the following procedures:

a. Only authorized representatives and respective counsel of each of the Qualified Bidders, and the Debtor shall be permitted to attend and participate at the Auction;

b. Only the Qualified Bidders shall be entitled to make any subsequent bids at the Auction;

c. At the Auction, Lender shall be entitled to credit bid (in one or more bids) up to the amount of their respective secured claims as of the Auction Date;

d. Each Qualified Bidder shall be required to confirm under oath that it has not engaged in any collusion with respect to the bidding or the Auction;

e. Bidding shall commence at the amount of the highest and best Qualified Bid(s) submitted by the Qualified Bidders by the Bid Deadline;

f. The Qualified Bidders shall participate in person at the Auction, unless otherwise directed or authorized pursuant to these Bid Procedures, through a duly authorized representative with authority to bind the entity;

g. The Auction will be conducted so that each Qualified Bidder will be informed of the previous bid(s);

h. Qualified Bidders may submit successive bids in increments set by the auctioneer.

i. The Debtor reserves the right to require any round of the Auction to be conducted by sealed bid(s);

j. The Auction shall continue until there is only one offer that the Debtor determines, subject to Bankruptcy Court approval, is the highest and best offer(s) submitted at the Auction from among the Qualified Bidders (the "***Successful Bid***"). The bidder(s) which submitted such Successful Bid shall become the "***Successful Bidder(s)***";

k. At the end of the Auction, the Debtor shall also announce and name the Successful Bidder, as well as, if applicable, the next highest and otherwise best offer after the Successful Bid (the "***Backup Bid(s)***" and the Qualified Bidders that submitted such bids, the "***Backup Bidder(s)***");

l. Deposits submitted by the Qualified Bidders who do not become the Successful Bidder shall be returned by the Debtor within five (5) business days after the Sale is consummated with the Successful Bidder;

m. All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction and these Bid Procedures;

n. Once the Successful Bidder and, if applicable, the Backup Bidder are identified, the Debtor may submit the Successful Bid and the Backup Bid for approval by the Bankruptcy Court;

o. The Auction shall be transcribed by a court reporter and all Qualified Bidders will be required to sign in and identify their attendance with the court reporter; and

p. A hearing (the "***Sale Hearing***") shall be held before the Honorable Christine Gravelle , United States Bankruptcy Judge of the Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608 **at a time and date to be determined** to confirm the results of the Auction and consider approval of the sale of the Property free and clear of all liens, claims, encumbrances, including but not limited to, any liens, judgments, or *lis pendens* filed in connection therewith and interests of any kind (collectively, the "***Claims***"). Any objections to the approval of the sale of the Property pursuant to the results of the Auction, free and clear of the Claims shall each be made in writing and filed with the Bankruptcy Court and served upon (i) Counsel to the Debtor, A.Y. Strauss LLC, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039, Attn: Eric H. Horn, Esq., email: ehorn@aystrauss.com, and (ii) any parties who have filed requests for notice in these Chapter 11 Case pursuant to Bankruptcy Rule 2002 so as to be received no later than seven (7) days prior to the Sale Hearing.

## IV. Miscellaneous

a. The Debtor, upon consultation with Lender, reserves the right to reject any offer or bidder, other than Lender, who in the Debtor's reasonable business judgment, is believed not financially capable of consummating the purchase of the Property.

b. Nothing contained in these Bid Procedures is intended to supersede or alter any provisions of title 11 of the United States Code (the "***Bankruptcy Code***") or otherwise interfere with the jurisdiction of the Bankruptcy Court. All of the terms and conditions set forth in these Bid Procedures are subject to modification as may be directed by the Debtor or by Order of the Bankruptcy Court. The Debtor, upon notification to the Office of the United States Trustee, reserves the right to modify the Bid Procedures to maintain consistency with the provisions of the Bankruptcy Code and/or prior orders of the Bankruptcy Court.

I have read these Bid Procedures and agree to be bound by them. (**Please print clearly**)

Date: ______________________________________________

Bidder: ______________________________________________

Signature: ______________________________________________

Title: ______________________________________________

Address: ______________________________________________

E-Mail: ______________________________________________

Phone Number: ______________________________________________

Attorney Info: ______________________________________________

Exhibit B to Bidding Procedures Order

[Notice of Auction]

**NOTICE OF AUCTION**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Counsel to the Debtor*
*and Debtor in Possession*

| | |
|---|---|
| In re:<br>63 Spring Lafayette LLC,<br>Debtor. | Chapter 11<br><br>Case No. 26-12619 (CMG) |

**NOTICE OF SALE, AUCTION, BIDDING PROCEDURES, AND HEARING TO CONSIDER APPROVAL OF SALE OF THE DEBTOR'S PROPERTY**

**PLEASE TAKE NOTICE THAT** on July 6, 2026, the above-captioned debtor and debtor in possession (the "***Debtor***") filed a motion (the "***Motion***") with the United States Bankruptcy Court for the District of New Jersey (the "***Bankruptcy Court***") requesting, among other things, (a) the approval of bidding procedures (the "***Bidding Procedures***") in connection with the sale of the premises located at 63 Spring Street, New York, New York 10012 (the "***Property***"), and (b) the scheduling of a bid deadline, auction date, and sale hearing (the "***Bidding Schedule***"). On __________, 2026, the Bankruptcy Court entered an order (the "***Bidding Procedures Order***") approving, among other things, the Bidding Procedures, and establishing the Bidding Schedule.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of each of the Motion, the Bidding Procedures, and the Bidding Procedures Order may be obtained: (i) by accessing the Bankruptcy Court's website at https://www.njb.uscourts.gov or (ii) contacting Eric H. Horn, Esq. at A.Y. Strauss LLC, attorneys for the Debtor, at 973-287-0966 or ehorn@aystrauss.com. Note that a PACER password and payment is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE THAT** all interested parties are invited to make competing offers for the Property in accordance with the terms of the Bidding Procedures and Bidding Procedures Order. The deadline to submit bids for the Property (the "***Bid Deadline***") is August 25, 2026 at 3:00 p.m. (ET). Pursuant to the Bidding Procedures Order, the Debtor will conduct an auction (the "***Auction***") for the Property and such Auction will be held at the offices of Northgate Real Estate Group, 1633 Broadway, 46th Floor, New York, New York 10019 on August 27, 2026 at 11:00 a.m. (EST).

**PLEASE TAKE FURTHER NOTICE THAT** the Bidding Procedures Order further provides that a sale hearing ("***Sale Hearing****")* will be held on ____________, 2026 before the Honorable Christine Gravelle, United States Bankruptcy Judge of the Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, N.J. 08608. The hearing may be adjourned from time to time.

**PLEASE TAKE FURTHER NOTICE THAT** at the Sale Hearing, the Debtor will request that the Bankruptcy Court enter an order, among other things, approving the highest or best bid for the Property (which will be determined as described in the Bidding Procedures), pursuant to which the Debtor will transfer the Property. In addition, the Debtor will request that the Bankruptcy Court provide that the transfer of the Property be free and clear of all liens, claims, and interests (except for the tenancies).

**PLEASE TAKE FURTHER NOTICE THAT** all requests for information concerning the sale of the Property should be directed by written request to counsel for the Debtor, A.Y. Strauss LLC, 290 West Mount Pleasant Avenue, Suite 3260, Livingston, New Jersey 07039, Attention Eric H. Horn, Esq.

Dated: __________, 2026

**A.Y. STRAUSS LLC**

By: ____________________

Eric H. Horn, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Counsel to the Debtor*
*and Debtor-in-Possession*

Exhibit 2

[Sale Order]

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-2*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Maria A.G. Harper, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Counsel to the Debtor*
*and Debtor in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| 63 Spring Lafayette LLC, | Case No. 26-12619 (CMG) |
| Debtor. | |

**[PROPOSED] ORDER APPROVING THE SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages 2 through 10 is hereby **ORDERED**.

Upon that portion (the "***Sale Motion***") of the motion ("***Motion***")[1] of the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "***Debtor***"), for the entry of an order approving the (a) sale (the "***Sale***") of the premises located at 63 Spring Street, New York, New York 10012 (the "***Property***") to _____________ (the "***Purchaser***") and (b) the assumption and assignment of the Leases identified and defined below, pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***; and the Court having reviewed the Sale Motion; and upon this Court's prior order, dated _________, 2026 approving the Bidding Procedures [Docket No. ___] (the "***Bidding Procedures Order***"); and it appearing that due and adequate notice of the Sale Motion, the Bidding Procedures Order, and the auction conducted in connection therewith (the "***Auction***") having been given to all parties entitled thereto, and that no other or further notice need be given; and the Auction having been conducted on August 27, 2026; and upon the Court hearing held on ________, 2026 (the "***Sale Hearing***") to consider the relief requested in the Sale Motion; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation, and good sufficient cause appearing therefor, it is hereby

**FOUND AND DECREED THAT:**

A. This Court has jurisdiction over the Sale Motion and the relief requested therein pursuant to 28 U.S.C. § 157, and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Sale Motion are sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

C. Proper, timely, adequate and sufficient notice of the Sale Motion and the relief requested therein, the Auction, the Bidding Procedures Order, the Sale Hearing, the Sale, and the transaction contemplated thereby including but not limited to the assumption and assignment of the Leases (all such transactions being collectively referred to as the "***Sale Transaction***"), has been provided in accordance with sections 102(1), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9014 and in compliance with the Bidding Procedures Order to all interested persons and entities.

D. The Bidding Procedures set forth in the Bidding Procedures Order were non-collusive and proposed and executed in good faith, and were substantively and procedurally fair to all entities.

E. The Debtor conducted the Sale and Auction process in accordance, and have otherwise complied in all respects, with the Bidding Procedures Order. The Sale and Auction process set forth in the Bidding Procedures Order afforded a full, fair, and reasonable opportunity for all creditors, counterparties to the Leases, parties-in-interest, and other entities to make a higher or otherwise better offer to purchase the Property and raise any issue to the assumption/assignment of the Leases.

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

F. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including counterparties to the Leases.

G. The Debtor has full corporate power and authority to consummate the Sale, including assumption and assignment of the Leases, and no consents or approvals are required for the Debtor to consummate the Sale Transaction.

H. Approval of the Sale Transaction is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest.

I. The Debtor has demonstrated good, sufficient, and sound business purpose and justification and compelling circumstances for the Sale pursuant to sections 363(b) and 365 of the Bankruptcy Code.

J. The Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby in that: (a) the Purchaser recognized that the Debtor was free to deal with any other party interested in a transaction regarding the Sale; (b) the Purchaser made the highest or best bid in respect of the Sale; (c) all payments to be made by the Purchaser in connection with the transactions have been disclosed; (d) the Purchaser neither induced nor caused the Debtor's Chapter 11 filing; (e) the Purchaser at all times dealt in good faith and at arms' length with the Debtor and the Broker; and (f) the Purchaser has not colluded with any other Qualified Bidder. The Purchaser has at all times acted in good faith and will continue to be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Sale of the Property.

K. The consideration provided by the Purchaser for the Sale Transaction (a) is fair and reasonable, (b) is the highest or best offer for the Property, (c) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative, and (d) constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law. No other entity or group of entities has offered to purchase the Property for greater economic value to the Debtor's estate than the Purchaser. The Debtor's determination that the sale to the Purchaser constitutes the highest and / or best offer for the Property constitutes a valid and sound exercise of the Debtor's business judgment.

L. The Purchaser has not agreed to assume and shall have no obligations with respect to any liabilities of the Debtor other than as specified herein (including the Leases) or as may be agreed to by the Debtor and the Purchaser.

M. The Property constitutes property of the Debtor's estate and the Debtor is the sole and lawful owner of the Property, and holds good title thereto. The transfer of the Property to the Purchaser will be a legal, valid, and effective transfer of the Property, and will vest the Purchaser with all right, title, and interest of the Debtor in and to the Property free and clear of all liens, claims, interests, obligations, rights, charges, and encumbrances (other than the tenancies) of any kind.

N. Each Lease is an unexpired lease capable of assumption and assignment under section 365 of the Bankruptcy Code.

O. The Debtor has met all requirements of section 365 of the Bankruptcy Code for assumption and assignment of each of the Leases. The Purchaser and/or the Debtor have (i) cured and/or provided adequate assurance of cure of any default existing prior to the Closing under all of the Leases within the meaning of section 365(b)(1)(A) of the Bankruptcy Code, (ii) provided adequate assurance of compensation to any counterparty for actual pecuniary loss to such party resulting from a default prior to the Closing under any of the Leases within the meaning of section 365(b)(1)(B) of the Bankruptcy Code, and (iii) provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code. The Purchaser has provided adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) to the extent that any such assurance is required and not waived by the counterparties to such Leases.

P. The Debtor has good marketable title to the Property and is the lawful owner of such Property and a landlord to under the Leases. The Debtor may sell the Property free and clear of all, liens, interests, obligations, rights, encumbrances, pledges, mortgages, deeds of trust, security interests, claims (including, any "claim" as defined in Section 101(5) of the Bankruptcy Code), charges, options, rights of first refusal or option to purchase any real property, easements, servitudes, transfer restrictions under any agreement, judgments, hypothecations, demands, licenses, sublicenses, assignments, debts, obligations, guaranties, options, contractual commitments, restrictions, environmental liabilities, options to purchase, and options, in each case of whatever kind, nature, or description in, against, or with respect to any of the Property, having arisen, existed or accrued prior to and through the Closing, whether direct or indirect, absolute or contingent, choate or inchoate, fixed or contingent, matured or unmatured, liquidated or unliquidated, arising or imposed by agreement, understanding, law, equity, statute, or otherwise and whether arising prior to, on, or after the Petition Date, (collectively, "***Liens, Claims, and/or Interests***") because one or more of the standards set forth in section 363(f)(1) – (5) has been satisfied with regard to each such Lien, Claim, and/or Interest. Those non-debtor parties with Liens, Claims, and/or Interests in or with respect to the Property, including but not limited to those who did not object, or who withdrew their objections to the Sale Transaction or the Sale Motion are deemed to have consented to the sale of the Property free and clear of those non-debtor parties' Liens, Claims and/or Interests in the Property pursuant to section 363(f)(2),(4) and (5), as applicable, of the Bankruptcy Code. Those non-debtor parties with Liens, Claims, and/or Interests in or with respect to the Property who objected to the Motion, but who did not withdraw any such objection, can be compelled to accept a monetary satisfaction of their liens, claims, or interests within the meaning of Section 363(f)(5) of the Bankruptcy Code.

Q. The transfer of the Property to the Purchaser (a) does not constitute an avoidable transfer under the Bankruptcy Code or under other applicable bankruptcy or non-bankruptcy law and (b) does not and will not subject the Purchaser to any liability whatsoever with respect to the Debtor's operation of the Property prior to the closing of the Sale Transaction (the "***Closing***").

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

**General Provisions**

1. The Sale Motion is hereby granted and approved as set forth herein.

2. Any objections to the Sale Motion are overruled in their entirety.

3. The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

4. Any and all objections, if any, to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice, and in each case, the party asserting the objection or reservation of right is enjoined from taking any action against the Purchaser or any purchaser of the Property, its affiliates, or any agent of the foregoing to recover any claim which such person or entity has solely against the Debtor or its estate. Those parties who did not object or who withdrew their objections to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

**Approval of the Sale**

5. The Purchaser's offer for the Property in the amount of $____________ (the "***Purchase Price***"), is the highest or otherwise best offer for the Property.

6. The Sale Transaction is hereby authorized and approved pursuant to sections 105(a), 363(b), (f) and 365 of the Bankruptcy Code.

7. **The Closing for the Sale Transaction shall occur on or prior to ____________** (the "***Closing Date***").

8. In accordance with the Bidding Procedures Order and the procedures approved pursuant thereto, Purchaser shall solely be responsible for any and all transfer taxes, which are to be paid at Closing and are an additional cost to Purchaser above Purchase Price. For avoidance of doubt, the Debtor shall not be responsible for the payment of the transfer taxes in connection with the Sale.

9. Should Purchaser fail to close on or prior to the Closing Date, then the Deposit shall be deemed forfeited to the Debtor without further order of this Court.

10. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized to consummate the Sale Transaction pursuant to and in accordance with the terms and conditions of the agreed upon Bidding Procedures.

11. The Debtor is authorized to execute and deliver, and empowered to perform under, consummate, and implement the Sale, together with all additional instruments and documents that may be reasonably necessary, convenient, or desirable to consummate the Sale Transaction and effectuate the provisions of this Order and the transactions approved hereby.

12. The consideration provided by the Purchaser to the Debtor for the Property constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and under the laws of the United States, any state, territory, possession, or the District of Columbia.

13. This Order shall be binding in all respects upon (a) the Debtor, (b) its estate, (c) all creditors, (d) all holders of Liens, Claims, and/or Interests whether known or unknown against or on all or any portion of the Property, (d) the Purchaser and all successors and assigns of the Purchaser, (e) the Property, (f) any trustees subsequently appointed in the Debtor's Chapter 11 case or upon a dismissal or conversion of this case under Chapter 7 of the Bankruptcy Code. This Order shall inure to the benefit of the Debtor, its estate and creditors, the Purchaser, and the respective successors and assigns of each of the foregoing.

**Transfer of the Property**

14. The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtor may sell the Property free and clear of any Liens, Claims, and/or Interests in the Property.

15. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the Closing, the Property (and good and marketable title to such Property) and all of the Debtor's rights, title, and interest therein shall be transferred to the Purchaser free and clear of all Liens, Claims, and/or Interests with all such Liens, Claims, and/or Interests to attach to the net cash proceeds of the Sale Transaction in the order of their priority, with the same validity, force, and effect which they now have as against the Property, subject to any claims and defenses, setoffs, or rights of recoupment the Debtor or its estate may possess with respect thereto.

16. All persons and entities (and their respective successors and assigns) including, but not limited to, all equity security holders, governmental, tax, and regulatory authorities, lenders, trade, and other creditors, holding Liens, Claims, and/or Interests (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated) against, in, or with respect to the Debtor and/or the Property arising or accruing under or out of, in connection with, or in any way relating to, the Debtor, the Property, the operation of the Debtor's business prior to the Closing, or the transfer of the Property to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' Liens, Claims, and/or Interests against the Property or the Purchaser or any of the Purchaser's successors or assigns. Following the Closing Date (as hereinafter defined), no holder of a Lien, Claim, and/or Interest shall interfere with the Purchaser's title to or use and

enjoyment of the Property based on or related to such Lien, Claim, and/or Interest or any actions that the Debtor has taken or may take in this Chapter 11 case.

17. The Debtor may sell the Property free and clear of all Liens, Claims, and/or Interests whatsoever against the Debtor, its estate (except as provided in this Order) because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Those holders of Liens, Claims, and/or Interests against the Debtor, its estate, or any of the Property who did not object, or who withdrew their objections to the Sale Transaction or the Sale Motion are deemed to have consented pursuant to 363(f)(2) of the Bankruptcy Code.

18. The transfer of the Property to the Purchaser constitutes a legal, valid, and effective transfer of the Property, and shall vest the Purchaser with all right, title, and interest of the Debtor in and to the Property.

**Assumption and Assignment of The Leases**

19. The following executory contracts are of assumption and assumption under section 365 of the Bankruptcy Code, and each contract is being assumed by the Debtor and assigned to the Purchaser at Closing. The contracts are _______________:

20. The applicable Lease shall be assumed and assigned to the Purchaser effective upon the Closing. Pursuant to section 365(f) of the Bankruptcy Code, the Leases to be assumed and assigned shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Purchaser notwithstanding any provision in the Leases or other restrictions prohibiting their assignment or transfer. Any provisions in any Lease that prohibit or condition the assignment of such Lease to the Purchaser or allow the counterparty to such Lease to terminate, recapture, setoff or recoup, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Lease to the Purchase, constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Purchaser of the Leases have been satisfied.

21. Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all right, title, and interest of the Debtor under the Leases, and such Leases shall remain in full force and effect for the benefit of the Purchaser. Each counterparty to the Leases shall, with respect to each Lease, be forever barred, estopped, and permanently enjoined from (a) asserting against the Debtor or the Purchaser or their respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing, arising or accruing as of the Closing or arising by reason of the Closing, including, without limitation, any breach related to or arising out of change-in-control provisions in such Leases, or any purported written or oral modification to the Leases and (b) asserting against any party (or its respective property) any claim, counterclaim, defense, breach, condition, or setoff asserted, or assertable against the Debtor existing as of the Closing or arising by reason of the Closing.

22. Upon the Closing, the Purchaser shall be deemed to be substituted for the Debtor as a party to the applicable Leases and the Debtor shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Leases. There shall be no rent or payment accelerations, assignment fees, increases, or any other fees charged to the Purchaser or the Debtor as a result of the assumption and assignment of the Leases. The failure of the Debtor or the Purchaser to enforce at any time one or more terms or conditions of any Lease shall not be a waiver of such terms or conditions or of the right of the Debtor or the Purchaser, as the case may be, to enforce every term and condition of such Lease. The validity of the assumption and assignment of any Lease to the Purchaser shall not be affected by any existing dispute between the Debtor and any counterparty to such Lease. Any party that may have had the right to consent to the assignment of any Lease is deemed to have consented for the purposes of section 365(e)(2)(A) of the Bankruptcy Code.

23. The Debtor shall execute assignments of the contracts at Closing.

24. The assignments of each of the contracts are made in good faith under sections 363(b) and (m) of the Bankruptcy Code.

25. The Sale Transaction contemplated hereunder shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

**Modification and Other Provisions**

26. The terms of the Sale and the Sale Transaction may be waived, modified, amended, or supplemented by the parties thereto, without further order of the Court, provided that any such waiver, modification, amendment, or supplement does not, based on the Debtor's business judgment, have an adverse effect on the Debtor's estate or its creditors. The Debtor shall provide the Office of the United States Trustee with reasonable prior written notice (which may be by e-mail to counsel of record) under the circumstances of any such waiver, modification, amendment, or supplement of the Sale or Sale Transaction. For the avoidance of doubt, all other waivers, modifications, amendments, or supplements to the terms of the Sale or Sale Transaction shall require Court approval.

27. From time to time, as and when requested by any party, each party shall execute and deliver, or cause to executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Sale Transaction without further order of the Court, including, such actions as may be necessary to vest, perfect or confirm, or record or otherwise, in the Purchaser its right, title and interest in and to the Property and the Leases, provided, however, that the Purchaser shall first pay and remit the Debtor for the costs incurred (or expected to be incurred) with respect thereto.

**No Stay of Order**

28. Notwithstanding the possible applicability of Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, 9014 or any other applicable Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, there shall be no stay of execution or effectiveness of this Order, and the Debtor and the Purchaser are authorized to close the Sale immediately upon entry of this Order. Time is of the essence in approving the Sale Transaction, and the Debtor and the Purchaser intend to close the Sale Transaction as soon as practicable.

**Additional Provisions**

29. Without limiting the other terms of this Order, prior to or upon the Closing of the Sale Transaction, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release their Liens, Claims, and/or Interests, if any, in the Property as such Liens, Claims, and/or Interests may have been recorded or may otherwise exist.

30. Except for Permitted Encumbrances, this Order (a) shall be effective as a determination that, upon the Closing, all Liens, Claims, and/or Interests existing with respect to the Property prior to the Closing have been unconditionally released, discharged, and terminated as to the Purchaser and the Property, and that the conveyances described herein have been effected, and (b) shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property.

31. Each and every federal, state, and local governmental agency or department or office is hereby directed to accept this Order as evidence of the Sale Transaction.

32. Without limiting the other provisions of this Order, if any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing interests with respect to the Debtor and/or the Property shall not have delivered to the Debtor or its designee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all Liens, Claims, and/or Interests which the person or entity has with respect to the Debtor, the Property, or otherwise, then (a) the Debtor is hereby authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Property and (b) the Purchaser and/or the Debtor are hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens, Claims, and/or Interests in, against, or with respect to the Debtor and/or the Property. This Order is deemed to be

in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office.

33. From and after the date hereof, no creditor of the Debtor or other party in interest shall take or cause to be taken any action that would interfere with the transfer of Property to the Purchaser in accordance with the terms of this Order.

34. The Sale Transaction is undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code. The Purchaser is a good faith purchaser of the Property and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code. Accordingly, any reversal or modification on appeal of the authorization provided herein to consummate the Sale Transaction shall not affect the validity of the Sale Transaction to the Purchaser.

35. Nothing in this Order releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order.

36. Nothing in this Order authorizes the transfer or assignment of any governmental (i) license, (ii) permit, (c) registration, (iii) authorization or (iv) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law.

37. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

38. The terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate and creditors, the Purchaser, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon all of the Debtor's creditors, all prospective and actual bidders for the Property, and all persons and entities receiving notice of the Sale Motion, the Auction, and/or the Sale Hearing notwithstanding any subsequent appointment of any examiner(s) or receiver(s) under any Chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Debtor, its estate, its creditors, its members, or any examiner(s) or receiver(s).

39. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).